```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
                    SOUTHERN DIVISION
```

CHARLES WADE,

       Plaintiff,                CIVIL ACTION NO. 04-CV-74346-DT

  v.                           DISTRICT JUDGE VICTORIA A. ROBERTS

                                 MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work prior to December 31, 2002, when his insured status expired.

                              \*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on May 30, 2001, alleging that he had become disabled and unable to work on March 18, 1997, at age 44, due to severe respiratory problems[1]. Benefits were denied by the

---

[1] Plaintiff filed a prior application for disability insurance benefits alleging the same disability as the present application, which was denied by the SSA and not pursued further (TR 29-36). Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (July 13, 1999). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a

Social Security Administration. A requested de novo hearing was held on April 29, 2003, before Administrative Law Judge (ALJ) Regina Sobrino. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work prior to December 31, 2002, when his insured status expired. The ALJ restricted claimant from repetitive pushing or pulling. The Law Judge also found that Plaintiff could not climb ladders, ropes or scaffolds, and that he was unable to use foot or leg controls. Plaintiff also needed a clean air environment. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 50 years old at the time his insured status expired (TR 246). He had a twelve grade education, and had been employed by General Motors during the relevant past as an assembler, grinder and job setter (TR 77, 246). As a GM employee, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 40 pounds on a regular basis (TR 78-79). Claimant stopped working in March 1997, due to breathing difficulties and chronic fatigue[2]

---

previous application absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does not take issue with the SSA's application of res judicata.

[2]Plaintiff redeemed a workers compensation claim for over $125,000 in February 1999 (TR 58).

(TR 247). Plaintiff testified that he remained disabled as a result of severe breathing problems that prevented him from standing or walking for prolonged periods (TR 247). He could walk just a short distance before becoming short of breath (TR 253). The claimant added that climbing a flight of stairs would be arduous, but that he could possibly lift a 40 pound bag of salt (TR 256, 259). Plaintiff explained that he refrained from engaging in any exertional activities due to chronic fatigue (TR 256-257). Nevertheless, the claimant enjoyed working in his garden, attending sporting events, playing golf and attending church (TR 96-97, 252).

A Vocational Expert, Ann Tremblay, classified Plaintiff's past work as light, semiskilled activity, which did not impart any transferable skills (TR 275). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[3] (TR 278). If he were capable of light work, however, there were numerous unskilled assembly, cashier, clerical, sorting, and surveillance monitoring jobs that he could perform with minimal vocational adjustment (TR 276). These jobs did not involve any repetitive crawling, pushing or pulling, and did not require climbing ladders, ropes or scaffolds (TR 276). These jobs were performed in clean air environments, and did not involve using foot or leg controls (TR 276).

---

[3]The witness opined that claimant's alleged need to lie down periodically throughout the day for up to an hour at a time would preclude all work activity (TR 278).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of pulmonary disease, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's breathing difficulties limited him to jobs in clean air environments. The Law Judge found that Plaintiff could not repetitively perform any crawling, pushing or pulling, and was unable to use foot controls or climb ladders and scaffolds. Nevertheless, she found that the claimant retained the residual functional capacity to perform a significant number of light jobs prior to December 31, 2002, when his insured status expired.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679,

681 (6th Cir. 1989); <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. <u>Kirk</u>, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of light work activity. He also argues that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of his breathing difficulties.

<u>**INSURED STATUS REQUIREMENT FOR DIB BENEFITS**</u>

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2)©. The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 2002, and thus he cannot be found disabled unless he can establish a disability prior to that

5

date.  Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  In other words, regardless of the seriousness of his present disability, Plaintiff must prove that he was disabled between July 13, 1999, the res judicata date from his earlier denial of benefits, and December 31, 2002, when his insured status expired, in order to be entitled to DIB benefits.  Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of unskilled, light work prior to December 31, 2002, when his insured status expired. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of disabling breathing difficulties. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

Pulmonary function studies performed in May and October 1998, and again in September 2000, revealed only mild obstructive airway obstruction (TR 132, 137, 143, 149). Dr. Michael Harbut, a treating physician, indicated in July 1999, that the claimant was feeling "very good", and he reported having more energy following

treatment (TR 128).  The doctor added that Plaintiff rarely needed his breathing inhaler (TR 128). A chest X-ray taken on September 6, 2000, showed no active disease or congestion (TR 135).

In an updated medical report dated September 2002, Dr. Harbut stated that Plaintiff continued to do well (TR 199).  A pulmonary function study performed on September 12, 2002, showed mild airway disease, moderate diffusion defect and mild neuromuscular disease (TR 198-200).  Dr. Harbut opined that Plaintiff should not return to work in an industrial environment (TR 206).  When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of Dr. William Thomas, a state agency consulting physician,[4] who concluded in August 2001, that the claimant could perform unskilled, light work as long as he was not exposed to fumes, odors, gases or poor ventilation (TR 183, 187). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his breathing difficulties were not fully credible.

Although Plaintiff contends that the medical evidence of record did not support the Law Judge's functional capacity assessment, no doctor described specific functional limitations greater than those included by the ALJ in her detailed residual functional capacity evaluation.  To support his contention that he

---

[4]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404 .1527(f)(2)(i) (2004).

remains totally disabled, Plaintiff relies upon medical evidence that was submitted to the Appeals Council and attached to his brief in support of Summary Judgment. In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge.  <u>Cotton v. Sullivan</u>, 2 F.3rd 692 (6th Cir. 1993); <u>Casey v. Secretary</u>, 987 F.2d 1230, 1233 (6th Cir. 1993); <u>Wyatt v. Secretary</u>, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council and attached to his brief was not considered by the undersigned.[5]

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly. <u>Beavers v. Secretary</u>, 577 F.2d 383 (6th Cir. 1978).  See also <u>Williamson v. Secretary</u>, 796 F.2d 146, 150 (6th Cir. 1986).

---

[5] Plaintiff did not request a remand to the SSA under sentence six of the Social Security Act for consideration of this evidence.

8

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his breathing difficulties. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled assembly, cashier, clerical, sorting, and surveillance monitoring jobs that he could perform with minimal vocational adjustment[6] (TR 276). These jobs did not involve any repetitive crawling, pushing or pulling, and did not require climbing ladders, ropes or scaffolds (TR 276). These jobs were performed in clean air environments, and did not involve using foot or leg controls (TR 276). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity

---

[6]Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described the moderate limitations caused by his breathing difficulties and fatigue. The VE testified that the assembly, cashier, clerical, sorting, and surveillance monitoring jobs were performed in clean air environments, and did not involve any repetitive crawling, pushing or pulling (TR 276). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. <u>Webb v. Commissioner</u>, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

for a restricted range of light work activity prior to December 31, 2002, when his insured status expired.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

10

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                           s/Donald A. Scheer
                                           **DONALD A. SCHEER**
                                           **UNITED STATES MAGISTRATE JUDGE**
**DATED: May 19, 2005**

_____

### CERTIFICATE OF SERVICE

I hereby certify on May 19, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 19, 2005. **None.**

                                         s/Michael E. Lang
                                         Deputy Clerk to
                                         Magistrate Judge Donald A. Scheer
                                         (313) 234-5217